UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

                              <u>MEMORANDUM AND ORDER</u>

        -against-              12-CR-0336(JS)

ALVARO CABRAL,

                 Defendant.
--------------------------------X

APPEARANCES
For the Government: Bradley T. King, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, New York  11722

For the Defendant: Alvaro Cabral, <u>Pro se</u>
                    #56830-018
                    FCI Sheridan
                    Federal Correctional Institution
                    P.O. Box 5000
                    Sheridan, Oregon  97378

SEYBERT, District Judge:

        Currently before the Court is the <u>pro se</u> motion of Defendant Alvaro Cabral ("Defendant" or "Cabral") seeking a sentence reduction pursuant to the First Step Act (the "FSA", the "Act" or the "First Step Act"), 18 U.S.C. § 3582(c)(1)(A)

(hereafter, the "Motion").[1]   (See ECF No. 236.[2])   The Government opposes the Motion.  (See Opp'n, ECF No. 239.[3],[4])  For the following reasons, the Motion is **DENIED** without prejudice.

BACKGROUND

I.   Relevant Factual and Procedural Background

The Court presumes the parties' familiarity with the facts of this case, which are provided in the Court's February 5, 2021 Memorandum & Order denying Defendant's first motion for compassionate release (hereafter, the "February 2021 M&O").[5]  (See February 2021 M&O, ECF No. 221, at 2-8 (redacted); see also id. at ECF No. 222 (unredacted, sealed version); Opp'n at 1-3.)  For the

---

[1]  To the extent Defendant's Motion, the Government's Opposition or this decision uses the terminology "compassionate release", the Court notes that phrase is not contained in the First Step Act; rather it is one coined by the courts to characterize a reduction in sentence pursuant to the Act.  See, e.g., United States v. Shakur, 498 F. Supp. 3d 490, 492 (S.D.N.Y. 2020); see also United States Brooker, 976 F.3d 228, 237 (2d Cir. 2020) (stating the phrase "compassionate release is a misnomer" as the First Step Act "in fact speaks of sentence reductions").

[2]  Herein, the Court will cite to the internal page numbers of Defendant's Motion.

[3]  The Government's Opposition lacks internal pagination; therefore, the Court will cite the page numbers generated by the Electronic Case Filing ("ECF") system.

[4]  Although afforded the opportunity to do so, Defendant did not file a Reply to the Government's Opposition.  (See July 8, 2025 Electronic Order Setting Briefing Schedule; cf. Case Docket, in toto.)

[5]  The February 2021 M&O also ruled upon Defendant's Section 2255 habeas petition, which the Court denied.

reader's convenience, the Court briefly states the following.  As part of a feud with a rival gang, Defendant, a member of the violent Netas street gang, helped plan and carry out the execution style murder of two teenagers.  Eventually, Defendant pled guilty to two counts of a superseding indictment and was convicted of firearm-related murder pursuant to 18 U.S.C. § 924(j)(1).  (See Judgment, ECF No. 127.)

At his sentencing, "[t]he Court agreed that Defendant did not pull the trigger but could not 'assume that he said no' to the shootings."  (February 2021 M&O at 7 (citations omitted).) Hence, the Court took Defendant's role in the shooting into consideration when it sentenced Defendant below the recommended Guidelines;  it also  considered  other  factors,  including Defendant's age at the time of the shootings, as well as his physical and mental health, and his troubled childhood.  (See id. at 4-8.)  Ultimately, while Defendant was subject to a term of imprisonment of life (see Presentence Investigation Report ("PSR"), ECF No. 104 (sealed), ¶¶ 105, 106), and notwithstanding the  Probation  Department's  recommendation  of  40  years' imprisonment (see Recommendation, ECF No. 104-1 (sealed)) and the Government's advocacy of a 30-year term of imprisonment (see Opp'n at 5; see also Gov't Sent'g Memo, ECF No. 123), the Court imposed a sentence of 28 years' imprisonment, which it characterized as "a

tremendous break". (See February 2021 M&O at id. at 8 (quoting Sent'g Tr.).)

As stated, in February 2021, the Court denied Defendant's first motion for compassionate release. (See February 2021 M&O at 22-27.) In that first motion, Defendant put forth as purported extraordinary and compelling reasons to release him: the spread of COVID-19 among the prison population; his positive institutional record; and, certain medical conditions he suffered. (See id. at 22.) The Court found none of the proffered circumstances to be extraordinary or compelling. (See id. at 25-26.) As to the relevant Section 3553(a) Factors, while the Court found Defendant's "history and characteristics" "arguably favor an early release", that factor was "outweighed by the combined force of several other factors." (Id. at 26 (citation omitted).) More specifically, the Court stated:

> "The nature and circumstances of his offense of conviction -- to which he pleaded guilty -- are serious." United States v. Asaro, No. 17-CR-0127, 2020 WL 1899221, at *7 (E.D.N.Y. Apr. 17, 2020). As the Court stated during sentencing, Defendant participated in the "senseless" and "deliberately planned" execution-style murders of the Victims that resulted in "incalculable" grief. (Sent'g Tr. at 38:4-16.) For ten years following the murders, Defendant remained at liberty and "was able to go about his business, have children, lead a life, and move on," but did not rehabilitate himself and did not express remorse. (Id. at 39:18-25.) Moreover, the Court varied downwardly to sentence Defendant below the advisory Guidelines range and

4

> Probation's recommendation (see Background
> § III, supra) so he could "take advantage of
> whatever opportunities are presented to him in
> jail" (Sent'g Tr. at 40:18-19.)
>
> While the Court is pleased that Defendant
> has taken significant steps towards
> rehabilitation, the Court "intended then, and
> intends now, for [Defendant] to serve the
> totality of that sentence." [United States
> v.] Mateus, [No. 14-CR-0504,] 2020 WL 5096062,
> at *4 [(S.D.N.Y. Aug. 28, 2020)].
> Accordingly, the original sentence remains
> sufficient, but not greater than necessary, to
> "reflect the seriousness of the offense" and
> "provide just punishment for the offense." 18
> U.S.C. § 3553(a)(2)(A).

(Id. at 26-27 (footnote omitted).)

Defendant is currently 40-years-old and is serving his sentence at the medium security Federal Correctional Institution ("FCI") Sheridan in Oregan; he has an anticipated release date of June 2, 2036. See Fed. Bureau of Prisons ("BOP"): Find an Inmate, Alvarco Cabral (BOP Reg. No. 56830-018), https://www.bop.gov/inmateloc/ (last visited Dec. 9, 2025) (identifying Defendant's location as "Sheridan FCI"). He now moves, a second time, for an unspecified sentence reduction.

## II.  The Instant Motion

Defendant filed the instant Motion on July 2, 2025.[6] He indicates U.S.S.G. § 1B1.13(b)(6), the so-called "unusually long

---

[6]  While dated April 3, 2025, the Motion was mailed June 26, 2025 (see mailing Envelope, ECF No. 236-2), and received by and filed with the Court on July 2, 2025 (see id. (stamped "RECEIEVED" on July 2, 2025); see also Motion at 1 (same); but see Cert. of Serv., ECF No. 236-1 at ECF p.7 (stating Motion was placed in FCI Sheridan's inmate mailbox on May 15, 2025).)

sentence" reason, as the extraordinary and compelling reason for his requested sentence reduction. (See Motion at 5-6.) Defendant proceeds to assert "the new law 5H1.1 dealing with age at time of crime"—which, for Defendant, was 19-years-old--is the law that has changed since his first compassionate release motion, warranting his instant request for a sentence reduction. (See id.; see also Support Memo, ECF No. 236-1 at ECF pp. 18-19.)) In passing, Defendant also mentions his health and rehabilitative efforts presumably as extraordinary and compelling reasons; however, he does not meaningfully develop either of these positions. (See Support Memo at ECF p.18.) Nor does Defendant address the Section 3553(a) Factors.

Unsurprisingly, the Government opposes Defendant's Motion. (See Opp'n.) In essence, it asserts Defendant's reliance upon U.S.S.G. § 1B1.13(b)(6), the "unusually long sentence" reason, is misplaced since Defendant cannot point to any "change in law". (Opp'n at 5.) Instead, the statute under which Defendant was adjudicated guilty, "Section 924(j)(1), then, as now, authorizes a sentence of 'death or imprisonment for any term of years or for life,' in cases involving firearms-related murders." (Id. (stating further "there has been no change to the relevant statute[]").) Further, the Government contends, because Defendant was subject to an "advisory Guidelines range [of] life imprisonment, and the [D]efendant received a sentence far lower

than the Guidelines range of life imprisonment . . . there is no basis for compassionate release." (Id. (collecting cases where advisory Guidelines would not change length of sentences to which defendants would be exposed).)

As to "[D]efendant's reliance upon recently-amended Sentencing Guideline Section 5H1.1, which provides that '[a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense'," the Government contends such reliance is "meritless" and "misplaced" in this instance. (Id. at 6.) That is so since this Court has "already downwardly departed from the advisory Guidelines range applicable to the [D]efendant," which was a substantial departure, and which already took into account Defendant's age at the time of the murders. (Id. (citing February 2021 M&O at 7-9, 19).)

Finally, in addressing the relevant Section 3553(a) Factors, the Government maintains consideration of same, especially "the seriousness of the offense, the need to promote respect for the law, provide adequate deterrence, and protect the public from further crimes of the [D]efendant", demonstrates Defendant should not be released early. (Opp'n at 6.) It underscores the seriousness of Defendant's crime, detailing the series of events which precipitated the merciless, execution-style murder of two teenagers, emphasizing Defendant's "knowing culpability" and lack of remorse. (Id. at 5-6.) The Government

also asserts Defendant's history and characteristics weigh strongly against granting his Motion especially since "after his participation in the murders, the [D]efendant became a dedicated recidivist, amassing multiple convictions in the intervening eight years that resulted in his being [in] Criminal History Category IV at his sentencing." (Id.) It further argues "the need to provide adequate deterrence under Section 3553(a)(2)(B) supports continued incarceration", since "[p]rematurely ending this [D]efendant's sentence would send the wrong message to those still engaged in violent gang activity, undermining efforts to deter such conduct." (Id.) Finally, the Government claims protecting the public remains a viable consideration and weighs against releasing Defendant early. (See id.)

<u>DISCUSSION</u>

I.   <u>Applicable Law</u>

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." <u>United States v. Rabuffo</u>, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting <u>United States v. Gotti</u>, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)). The FSA, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's

8

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Thrower, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020).  "The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553(a) [F]actors warrant reduction." United States v. Hunter, No. 21-1773, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (citing United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam)); United States v. Rodriguez, 147 F.4th 217, 222 (2d Cir. 2025) (same).  "A defendant's failure to exhaust administrative remedies is a threshold matter preventing the [c]ourt from considering a Section 3582 application[, i.e., a motion for compassionate release]." United States v. Robinson, No. 10-CR-0789, 2022 WL 16924176, at *3 (E.D.N.Y. Nov. 14, 2022) (quoting United States v. Alvarez, No. 89-CR-0229, 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020)).  And, "[i]f any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements." Hunter, 2022 WL 2288688, at *1 (citing Keitt, 21 F.4th at 72-73); see also, e.g., United States v. Mighty, No. 24-3043-CR, 2025 WL 3456894, *2 (2d Cir. Dec. 2, 2025) (summary order) ("Because extraordinary and compelling circumstances and the Section 3553(a) factors must both support relief, concluding that either condition

9

is lacking is sufficient to deny relief . . . ." (citing <u>Keitt</u>, 21 F.3d at 73)).

Where exhaustion is satisfied, in their consideration of motions brought pursuant to the FSA, courts are to consider whether a sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission", 18 U.S.C. § 3582(c)(1)(A); <u>see also</u> U.S.S.G. § 1B1.13 ("Policy Statement 1B1.13"), and whether the relevant Section 3553(a) Factors favor such a reduction. <u>See</u> <u>United States v. Donato</u>, No. 95-CR-0223, 2024 WL 1513646, *5 (E.D.N.Y. Apr. 18, 2024); <u>see also</u> <u>Keitt</u>, 21 F.4th at 71; <u>United States v. Torres-Teyer</u>, No. 01-CR-0021, 2025 WL 2776048, at * 3 (S.D.N.Y. Sept. 30, 2025) (stating a "defendant must show [] extraordinary and compelling reasons that, consistent with Policy Statement 1B1.13, warrant a sentence reduction . . . . " (citing <u>United States v. Feliz</u>, No. 16-CR-0809, 2023 WL 8275897, at *2-4 & n.3 (S.D.N.Y. Nov. 30, 2023); further citation omitted)). However, "'[r]ehabilitation . . . <u>alone</u> shall not be considered an extraordinary and compelling reason.'" <u>United States v. Brooker</u>, 976 F.3d 228, 235-37 (2d Cir. 2020) (emphasis and alteration in original) (quoting 28 U.S.C. § 994(t)); <u>see also</u> U.S.S.G. § 1B1.13(d). Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) [F]actors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because

Section 3553(a) [F]actors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted); see also Pimentel, 2025 WL 783730, at *2; United States v. Jones, No. 22-2008-CR, 2023 WL 8613867, at *2 (2d Cir. Dec. 13, 2023) (same). "[A] statement that the district court has considered the statutory factors is sufficient." United States v. Torres, No. 21-2511-CR, 2022 WL 17087048, at *3 (2d Cir. Nov. 21, 2022) (summary order) (quoting United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003)).

"The defendant bears the burden of showing that the circumstances warrant a sentence reduction." United States v. Sellick, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15, 2022) (summary order) (citing United States v. Jones, 17 F.4th 371, 375 (2d Cir. 2021)); see also United States v. Friedlander, No. 20-CR-0441, 2022 WL 2305370, at *3 (E.D.N.Y. June 24, 2022) ("A defendant 'bears the burden of showing that his release is justified.'" (quoting United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020)). "A district court's discretion in deciding a compassionate release motion—as in all sentencing matters—is broad." Rodriguez, 147 F.4th at 222 (quoting Brooker, 976 F.3d at 237) (citation modified).

11

II.    Application

    A.    Exhaustion

       Defendant asserts he requested compassionate release from the warden, presumably of FCI Sheridan, the facility where he is housed.  (See Motion at 3; see also, "Inmate Request" dated "04/15/25", ECF No. 236-1 at ECF p.11, attached to Motion.)  There is no indication in the record as to the warden's response.  (See Case Docket, in toto.)  The Government mistakenly believes "there is no evidence . . . that [Defendant] notified the warden of the facility in which he is housed of his request for a reduction in sentence."  (Opp'n at 4.)  On that faulty contention, the Government claims Defendant has failed to meet his exhaustion requirement.  The Court disagrees and, instead, finds the exhaustion requirement has been satisfied; therefore, it proceeds "to consider the merits" of his Motion.  See generally United States v. Saladino, 7 F.4th 120, 123 (2d Cir. 2021).

    B.    Defendant's Proffered Extraordinary and Compelling Circumstances

       In accordance with Policy Statement 1B1.13, the Court considers Defendant's claims of extraordinary and compelling circumstances warranting a sentence reduction.  For the reasons articulated below, it finds Defendant's proffered circumstances unavailing.

12

1.    Defendant's "5H1.1 Youthful Offender New Law" Claim

Generously construed, Defendant advances an argument that the amendment to the Sentencing Commission's policy statement at Guidelines Section 5H1.1 supports his claim for a sentence reduction.  The Court disagrees.

Recently, Honorable Katherine Polk Failla of the Southern District of New York considered and rejected a similar argument.  See United States v. Haylock, No. 19-CR-0846, 2024 WL 4691023, at *7 (S.D.N.Y. Nov. 6, 2024) ("Mr. Haylock argues that his age at the time of the offense conduct amounts to an extraordinary and compelling reason for compassionate release.") She explained:

> The amended U.S.S.G. § 1B1.13[, i.e., Policy Statement 1B1.13,] does not list youth among its list of suggested extraordinary and compelling reasons, although in certain circumstances it may fall within the catch-all provision in that section. As it happens, in the Guidelines amendments that became effective November 1, 2024, the Sentencing Commission amended the policy statement at U.S.S.G. § 5H1.1 to note that "[a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." U.S.S.G., Amendment 829.  At this time, however, Amendment 829 has not been made retroactive, and according to U.S.S.G. § 1B1.13,
>
> > Limitation on Changes in Law.— Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of

> determining whether an
> extraordinary and compelling reason
> exists under this policy statement.
> However, if a defendant otherwise
> establishes that extraordinary and
> compelling reasons warrant a
> sentence reduction under this
> policy statement, a change in the
> law (including an amendment to the
> Guidelines Manual that has not been
> made retroactive) may be considered
> for purposes of determining the
> extent of any such reduction.

Id. (quoting U.S.S.G. § 1B1.13(c)) (emphasis added).

Judge Failla further explained that, in another case where she had not consider Amendment 829, she had "surveyed the relevant case law and concluded that '[t]hough the Second Circuit has not specifically opined on the issue, courts within the Second Circuit have accepted, and rejected, youth as a valid basis for a sentence reduction under § 3582(c)(1)(A)(i).'" Id. (quoting United States v. Rosario, No. 96-CR-0126, 2024 WL 3521851, at *7 (S.D.N.Y. July 24, 2024) (collecting cases)). The Judge then highlighted district court cases in which compassionate release motions based upon the defendants' respective young ages were denied because the defendants' actions were calculated and deliberate and not the product of duress. See id. (collecting cases).[7] With that backdrop, Judge Failla ruled: "For avoidance

---

[7] This Court has ruled likewise. See United States v. Farmer, No. 04-CR-0209, 2025 WL 3033762, *5-6 (E.D.N.Y. Oct. 30, 2025) (finding defendant's youth at the time he committed murder was not

of doubt, and on the chance that the Sentencing Commission may later make Amendment 829 retroactive or add youth to the factors listed in U.S.S.G. § 1B1.13, . . . , on this record, Mr. Haylock's age does not constitute an extraordinary and compelling reason warranting a <u>further</u> sentence reduction." <u>Id.</u> (emphasis added). Among other reasons for rejecting Haylock's age as an extraordinary and compelling circumstance warranting a sentence reduction—which the Judge described as being the "most important[]" reason—was "th[e] Court already took Mr. Haylock's age into consideration in imposing a substantially-below-Guidelines sentence." <u>Id.</u>

The Court finds Judge Failla's reasoning to be sound and adopts it herein. And, the application of Judge Failla's rationale to the instant case compels the same outcome.[8]  Indeed, as the

---

an extraordinary and compelling reason warranting a sentence reduction) (collecting cases).

[8]  The Court has considered the cases put forth by Defendant and find them unpersuasive since each is distinguishable from Defendant's case. (<u>See</u> Petitioner Suppl., ECF No. 236-1 at ECF p.6 (citing <u>United States v. Willimas</u>, No. 20-CR-0293, 2024 WL 3845447 (E.D.N.Y. Aug. 16, 2024) (in context of stating reasons for sentence imposed, discussing Section 3553(a) Factors and rejecting defendant's argument that court should consider defendant's youthfulness when calculating the applicable criminal history category); <u>United States v. Chan</u>, 645 F. Supp.3d 71 (E.D.N.Y. 2022) (finding defendant's "youth at the time of his offense to be an extraordinary and compelling reason warranting relief <u>under the totality of the circumstances presented</u>", and defendant's age also factored into court's consideration of the disparity in sentencing between defendant's minor-aged co-defendants, who were not subjected to life sentences, and defendant, who had turned 18-years-old just prior to involvement in the subject double murder, thereby resulting in his being

Government astutely argues:  "Although the [D]efendant faced significant hardships in life, including mental health issues and parental abuse, these factors were already properly considered at sentencing."  (Opp'n at 6 (citing February 2021 M&O at 7-8, 19.) That is so; thus, without more, to grant the instant Motion on the same basis would be, in essence, an improper and unwarranted "windfall" to Defendant.  That will not do; Defendant has already benefited from consideration of the age factor he now advances. Accordingly, the Court finds Defendant's so-called "5H1.1 Youthful Offender New Law" argument unavailing.

### 2.   Other (Purportedly) Claimed Reasons

Because Defendant is proceeding pro se, the Court has construed his Motion liberally and interpreted it to raise the strongest arguments his Motion suggests.  See, e.g., Maisonet v. Metro. Hosp. & Health Hosp. Corp., 640 F. Supp. 2d 345, 347 (S.D.N.Y. 2009) (internal quotation marks omitted); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006).  However, "[a]lthough [courts] accord filings from pro se

---

subjected and sentenced to a mandatory life sentence) (emphasis added); United States v. Cruz, No. 94-CR-0112, 2021 WL 1326851 (D. Conn. Apr. 9, 2021) (finding defendant "has demonstrated, through a combination of factors, extraordinary and compelling reasons . . . for a reduction in his sentence", i.e., defendant's: youth at the time of the underlying offense; exceptional rehabilitation; suffering an underlying medical condition that increased his risk of severe illness if he contracted COVID-19; and family circumstance (emphasis added)).)

litigants a high degree of solicitude, even a litigant representing himself is obliged to set out 'identifiable arguments' in his principal brief." Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 632-33 (2d Cir. 2016) (quoting Donofrio v. City of N.Y., 563 F. App'x 92, 93 (2d Cir. 2014) (summary order).

To the extent the Court can discern an argument based upon Defendant's health, it is insufficient to show an extraordinary and compelling reason to reduce his sentence. Here, Defendant simply identifies his health as a factor to be considered when the Court imposes a sentence. (See Support Semo at ECF p.18.) The record establishes the Court did so. (See, e.g., February 2021 M&O at 22, 25-26.) Moreover, there is no indication that any of Defendant's medical issues are not being adequately attended to by the BOP. See, e.g., United States v. Gerald, No. 13-CR-0141, 2024 WL 4694004, at *6 (E.D.N.Y. Nov. 6, 2024) (denying compassionate release where "there is no indication Defendant's hypertension and other identified medical conditions are not well-controlled with medication and necessary medical care provided by [the federal correctional facility]" and there is nothing "in the record showing Defendant is not fully ambulatory and engaging in all normal activities of daily living"); see also United States v. Yong, No. 95-CR-0825, 2024 WL 3648259, at *6 (E.D.N.Y. (Aug. 5, 2024) (denying compassionate release where record presented no reason to conclude defendant's hypertension was not being properly

17

addressed by the BOP) (collecting cases).  Indeed, upon the record presented, Defendant has failed to show his medical condition "so incapacitate[d] him as to warrant a reduction of his sentence." United States v. Lisi, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) ("BOP's guidance, read in conjunction with the Application Notes to [Policy Statement 1B1.13], indicate that a defendant's medical condition must be one of substantial severity and irremediability, and [defendant] has not shown that he suffers from such conditions."); see also United States v. Delacruz Santana, No. 16-CR-0337, 2024 WL 4449443, at *6 (E.D.N.Y. Oct. 2, 2024) (denying compassionate release where defendant "d[id] not indicate that his ability to provide self-care . . . ha[d] been substantially diminished by his illnesses" and stating, "[w]here such evidence is lacking, courts within the Second Circuit have routinely denied compassionate release motions" (collecting cases)).  Therefore, Defendant's current health issues do not rise to the level of being extraordinary and compelling.

Relatedly, to the extent Defendant implies harsh conditions due to the COVID-19 Pandemic, which conditions arise to extraordinary and compelling reasons warranting a sentence reduction, such implication is unpersuasive.  Defendant makes no more than general, unsubstantiated complaints regarding the conditions to which he was exposed while housed at U.S.P. Lompoc and FCI Sheridan.  (See Support Memo at ECF p.18.)  However, to

18

the extent the Pandemic has made Defendant's incarceration more
punitive than anticipated, this Court has repeatedly stated:

> "[T]hese hardships do not set [him] apart from
> the rest of the BOP inmate population and
> therefore do not, alone, constitute
> extraordinary and compelling reasons for his
> release.'" United States v. Johnson, No.
> 98-CR-0860, 2021 WL 1207314, at *4 (E.D.N.Y.
> Mar. 31, 2021)); see also, e.g., United States
> v. Veliu, No. 17-CR-0404, 2022 WL 2484240, at
> *5 (E.D.N.Y. July 6, 2022) ("[T]he conditions
> of confinement during the pandemic [do not]
> give rise to extraordinary and compelling
> circumstances. Although the Court
> acknowledges that 'the pandemic has made
> prison conditions harsher than usual, those
> are circumstances that all inmates have had to
> endure. While the Court does not minimize
> those difficulties, they do not rise to the
> level of extraordinary and compelling.'")
> (quoting United States v. Johnson, No.
> 18-CR-0907, 2021 WL 4120536, at *3 (S.D.N.Y.
> Sept. 9, 2021)); United States v.
> Pinto-Thomaz, 454 F. Supp. 3d 327, 329
> (S.D.N.Y., 2020) (observing "it is hard to see
> how" the BOP's implementation of various
> protocols in attempting to contain the spread
> of COVID-19 "ma[d]e the situations of
> [defendants] 'extraordinary' in terms of the
> statutory requirement, for in these respects
> [the defendants] are no different from a host
> of other prisoners"). Standing alone, the
> harshness of conditions Defendant faced during
> the Pandemic were the same as those endured by
> his fellow inmates; in that sense, they were
> not extraordinary. See, e.g., United States
> v. Martinez, No.03-CR-1049, 2022 WL 3019833,
> at *3 (E.D.N.Y. July 29, 2022) ("[G]eneralized
> COVID-19 concerns are not regarded as
> extraordinary and compelling reasons for
> compassionate release." (citations omitted)).
> Nor, given the record, is this a case where,
> considering several circumstances in
> totality, the harshness factor should weigh in
> favor of finding an extraordinary and

compelling reason for granting compassionate
release.

Yong, 2024 WL 3648259, at *7; see also United States v. Santana,
No. 15-CR-0457, 2025 WL 1940370, at *4 (E.D.N.Y. July 15, 2025)
(same); United States v. Latney, No. 18-CR-0606, 2025 WL 1126474,
at *6 (E.D.N.Y. Apr. 16, 2025) (same); United States v. Brown, No.
18-CR-0604, 2024 WL 4790165, at *5 (E.D.N.Y. Nov. 14, 2024) (same);
United States v. Hernandez, No. 04-CR-0939, 2024 WL 4450851, at *4
(E.D.N.Y. Oct. 9, 2024) (same); United States v. Moss, No.
14-CR-0147, 2024 WL 3718909, at *5 (E.D.N.Y. Aug. 7, 2024) (same);
United States v. Wagner, No. 17-CR-0106, 2024 WL 2801981, at *6
(E.D.N.Y. May 31, 2024) (same).

Moreover, because the COVID-19 Public Health Emergency
ended on May 11, 2023, it is no longer necessary for the BOP to
engage in across-the-board special operations. See Wagner, 2024
WL 2801981, at *5 (citations omitted). Indeed, "the Court presumes
the BOP has returned to operating [Defendant's current facility]
without COVID-19-related precautions, rendering this consideration
of little weight." Id. (citing Jones, 17 F.4th at 375 (confinement
in facility "where [COVID-19] counts are currently low" was not
"extraordinary and compelling" circumstance)); see also Latney,
2025 WL 1126474, at *5 (same; quoting Wagner). Upon consideration
of Defendant's implicit harshness argument, the Court finds it
unavailing.

To the extent Defendant attempts to advance an argument for a reduced sentence based upon his rehabilitative efforts, it is also unpersuasive.  The Court begins by emphasizing that, notwithstanding its broad discretion in considering "all possible reasons for compassionate release," "rehabilitation alone shall not be considered an extraordinary and compelling reason." Brooker, 976 F.3d at 237-38 (citing 28 U.S.C. § 944(t) (cleaned up)); see also Policy Statement 1B1.13(d) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation on the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").  Moreover, "[w]hat constitutes rehabilitation is left to the [c]ourt's discretion, but courts in this district have considered the following factors: [1] the defendant's 'maintenance of familial and societal relationships; [2] letters of support both from community members and prison staff; [3] conduct and disciplinary records while incarcerated; . . . [4] any achievements and education obtained while incarcerated; . . . [5] gains in maturity[;] and [6] other clear signs that a defendant's incarceration has had rehabilitative value'." United States v. Vasquez, No. 96-CR-1044, 2024 WL 2385264, at *5 (E.D.N.Y. May 23, 2024) (quoting United States v. Byam, No. 12-CR-0586, 2024 WL 1556741, at *8 (E.D.N.Y. Apr. 10, 2024)) (emphasis added); see also, e.g., United States v. Qadar, No. 00-CR-0603, 2021 WL 3087956, at *10 (E.D.N.Y. July 22, 2021) (same).  "At minimum,

'rehabilitation requires the court to examine whether a defendant has taken responsibility for his . . . actions and acted to reintegrate [him]self into a productive society.'" Byam, 2024 WL 1556741, at *7 (quoting United States v. Blake, 89 F. Supp. 2d 328, 346 (E.D.N.Y. 2000)).

Here, Defendant has failed to put forth evidence of rehabilitation that warrants a sentence reduction. Compare Latney, 2025 WL 1126474, at *7-8 (even where defendant (1) presented evidence of maintaining familiar relationships, (2) provided letters of support from a prison chaplain, an attorney, and fellow inmates, and (3) submitted a letter of contrition, which showed "significant strides in his rehabilitation", this Court, nonetheless, found defendant's "commendable rehabilitation [wa]s not enough"). In comparison to the efforts exhibited by Latney, Defendant's rehabilitative efforts pale; for example, there is no letter of contrition or multiple letters of support from family, friend, fellow inmates, or prison staff. Nor has Defendant presented the Court with other clear signs his incarceration has had rehabilitative value. And, in any event, "[m]aintaining good conduct in prison is not uncommon, and indeed is expected." United States v. Garcia, No. 19-CR-0210, 2022 WL 672758, at *2 (S.D.N.Y. Mar. 7, 2022); see also United States v. Baptiste, No. 15-CR-854, 2024 WL 3425818, at *2 (S.D.N.Y. July 16, 2024) ("[A] productive institutional record while incarcerated is what is expected and is

22

not a basis for a sentence reduction here." (citation modified));
see also, e.g., Alvarez, 2020 WL 4904586, at *7 (recognizing "model
prison conduct is expected").   At bottom, upon the record
presented, Defendant's rehabilitative efforts are neither
extraordinary nor compelling.

    C.    The Section 3553(a) Factors

       "[A] district court may deny a motion for compassionate
release in 'sole reliance' on the Section 3553(a) [F]actors,
without determining 'whether the defendant has shown extraordinary
and compelling reasons that might (in other circumstances) justify
a sentence reduction.'" Jones, 2023 WL 8613867, at *2; see also
Keitt, 21 F.4th at 73 n.4 (noting "a district court may rely solely
on the § 3553(a) factors when denying defendant's motion for
compassionate release"); United States v. Andrews, No. 23-8046-CR,
2025 WL 2938044, at *3 (2d Cir. Oct. 16, 2025) (summary order)
(same; quoting Keitt); Jones, 17 F.4th at 374 ("[A] district
court's 'reasonable evaluation of the Section 3553(a) [F]actors'
is 'an alternative and independent basis for denial of
compassionate release.'" (quoting United States v. Robinson, 848
F. App'x 477, 478 (2d Cir. 2021)); United States v. Mayes, No.
23-6077-CR, 2024 WL 2990909, at *1 (2d Cir. June 14, 2024) (summary
order) (same; quoting Jones).

          The [Section 3553(a) F]actors include "the
          nature and circumstances of the offense and
          the history and characteristics of the

> defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)-(2).

United States v. Johnson, 671 F. Supp. 3d 265, 283 (E.D.N.Y. 2023).

The Court finds the seriousness of Defendant's offense is the factor weighing most heavily in favor of denying his compassionate release Motion. See United States v. Baker, No. 97-CR-0877, 2025 WL 2733358, at *9-10 (E.D.N.Y. Sept. 25, 2025) (finding, where defendant "killed [another] in cold blood in order to obstruct justice weighing most heavily in favor of denying" sentence reduction); United States v. Duarte, No. 99-CR-0192, 2025 WL 1434886, *8 (S.D.N.Y. May 19, 2025) (finding "the heinousness and gravity of [defendant's] criminal conduct", i.e., ordering the execution of a DEA informant to prevent informant from testifying against defendant, was the Section 3553(a) Factor weighing heavily against defendant's release; stating the "selfishness and violent nature of [defendant's] crime merits life-long imprisonment"); United States v. Marmolejos, No. 99-CR-1048, 2021 WL 3862851, *5 (S.D.N.Y. Aug. 30, 2021) (Chen, J., sitting by designation) (in denying motion to reduce a life sentence, where offense was murder-for-hire and not a crime of passion, stating it was

24

"primarily the 'nature and circumstances' of Marmolejos's offenses, [that] weigh[ed] against release or sentence reduction" and that granting a reduction would not reflect the seriousness of the offense).  The seriousness of Defendant's offense continues to outweigh his youthfulness at the time of the murders, as well as Defendant's difficult childhood, factors this Court weighed when originally sentencing Defendant to a substantially below-Guidelines sentence.  (See Statement of Reasons, ECF No. 128 (sealed), § VI.D.)

Moreover and relatedly, "[t]his Court has repeatedly observed in gang-related cases: '[G]ang members need to know their violent, illegal activities are intolerable, and those who choose to join gangs need to know they will be prosecuted, sentenced to substantial sentences, and required to serve those sentences.'" Gerald, 2024 WL 4694004, at *7 (quoting United States v. Lake, No. 14-CR-0264, 2023 WL 8810620, at *6 (E.D.N.Y. Dec. 20, 2023); citing Wagner, 2024 WL 2801981, at *8 (quoting Lake)); see also Henriquez, 2024 WL 4450851, at *6 (same).  "It is no different here."  Id.; see also Henriquez, 2024 WL 4450851, at *6 (stating, "[t]he same holds true—and, more so—here, especially when recognizing the underlying crime was an execution-style murder" which "demonstrated disrespect for the law and, more significantly, disrespect for human life"); Wagner, 2024 WL 2801981, at *8; Brown, 2024 WL 4790165, at *7 (stating "for individual and general

deterrence purposes, it is necessary that those who participate in the illegal drug trade, which plagues Long Island communities, be sent a clear and unambiguous message that if they do, they will be prosecuted, sentenced to substantial sentences, and be required to serve every day of those sentences" (citation modified)).

At bottom, to the extent there are any sentencing factors which weigh in Defendant's favor, such favorable factors are outweighed by the combined force of the nature and circumstances of the offense, and the need for the sentence imposed to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; and, afford adequate deterrence to criminal conduct. See United States v. Riley, 777 F. Supp.3d 165, 173 (E.D.N.Y. 2025) (where defendant was found guilty of two murders in aid of racketeering and being an accessory to a third murder, in considering Section 3553(a) Factors, finding "[t]he nature and circumstances of [defendant's] offenses, their seriousness, and the need to promote respect for the law, provide just punishment, and adequately deter criminal conduct weigh[ed] against a sentence reduction"). Modifying Defendant's term of incarceration, given his serious criminal conduct, i.e., the "calculated, cold-blooded murders—planned to send a message" to rival gang members (Opp'n at 7), would disserve the above important sentencing factors.

> Rather, in its discretion, the Court finds, even if Defendant had presented extraordinary and compelling circumstances warranting compassionate release, which he has not, the Section 3553(a) Factors would override those circumstances. The Court's below-Guidelines, [28-year] sentence of imprisonment continues to be appropriate to, inter alia: promote respect for the law; reflect the seriousness of the offense; provide just punishment; adequately deter criminal conduct; and protect the public from the Defendant, thereby satisfying the applicable Section 3553(a) Factors.

United States v. Hopkins, No. 18-CR-0606, 2024 WL 4388454, at *4 (E.D.N.Y. Oct. 2, 2024).   In sum, Defendant's substantial below-Guidelines sentence of 28 years' incarceration continues to be "sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)."   (Statement of Reasons, § VIII (uncapitalized).)

-*-*-*-

To the extent not explicitly addressed herein, the Court has considered Defendant's remaining arguments for a sentence reduction and finds them to be without merit.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion seeking a sentence reduction (ECF No. 236) is **DENIED** in its entirety and without prejudice; and

      **IT IS FURTHER ORDERED**, the Clerk of the Court is directed to mail a copy of this Memorandum and Order to Defendant at his address of record, including the notation "LEGAL MAIL" on the mailing envelope.

                                     **SO ORDERED.**

                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:  December 12, 2025
       Central Islip, New York